UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

BELOT SEJOUR,

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC, a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BELOT SEJOUR ("Mr. Sejour" or "Plaintiff") files this Complaint against Defendant, WAL-MART ASSOCIATES, INC, ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, his attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Broward County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Broward County, Florida.

6. Defendant is a Foreign Profit Corporation that provides entertainment and food services in, among others, Broward County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated medical leave for his serious health condition; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Plaintiff worked as a Stocker for Defendant at its Store No. 1851 location in North Lauderdale, Florida, location from January 25, 1999, until his termination on February 5, 2019.

10. On January 1, 2019, while restocking products, Plaintiff injured his arm, causing severe swelling and a strong burning sensation.

11. Immediately, Plaintiff informed his supervisor of his work-related injury and need for medical attention.

12. Nevertheless, Plaintiff, as a diligent worker, continued to work through the pain and discomfort.

13. On January 14, 2019, Plaintiff's pain became unbearable and as a result, he sought medical attention for his injuries.

14. Plaintiff's physician recommended that he take two (2) to three (3) weeks' medical leave to recuperate from his injuries.

15. As such, Plaintiff's injuries are considered a serious health condition under the FMLA.

16. Plaintiff informed his supervisors of his need for leave.

17. Plaintiff's disclosure of his serious health condition should have prompted Defendant and its management to inform Plaintiff of his rights and obligations under the FMLA.

18. Defendant failed to apprise Plaintiff of his FMLA rights, however.

19. Instead Defendant sent Plaintiff home with no pay until he was fit to work once more.

20. On or around January 24, 2019, Plaintiff returned to work from what should have been an FMLA protected medical absence.

21. Soon thereafter, on February 5, 2019, Defendant informed Plaintiff that it was terminating his employment, effective immediately.

22. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal

connection between his protected activity, and the illegal actions taken against him by Defendant.

23. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of what should have been approved FMLA protected leave.

24. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

25. Defendant did not have a legitimate reason for Plaintiff's termination.

26. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

27. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

31. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights during the certification process.

32. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

37. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of what should have been FMLA protected leave and for his request for FMLA leave

38. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 16th day of December 2020.

Respectfully Submitted,

By**:/s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*